IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **JOHN M. MONTFORD,** Individually and on behalf of all others similarly situated who consent to their inclusion in a collective action, | **CIVIL ACTION NO.:** |
| **Plaintiff,** | **Jury Trial Demanded** |
| **VS.** | |
| **FORESTRY MANAGEMENT SERVICE, LLC and BRAND SPILLER,** | |
| **Defendants.** | |

## COMPLAINT

Plaintiff John M. Montford ("Montford"), individually and on behalf of all others similarly situated who consent to their inclusion in a Collective Action brings this Complaint against Forestry Management Service, LLC ("Forestry Management") and Brand Spiller ("Spiller"), and shows the Court as follows:

### INTRODUCTION

1.

Plaintiff Montford brings this action under the Fair Labor Standards Act of 1938 (1) (FLSA) to recover due but unpaid overtime wages and an additional like

amount as liquidated damages; (2) to enjoin violations of the FLSA and; (3) and to be reimbursed the costs of litigation, including reasonable attorneys' fees

2.

Additionally, Plaintiff Montford asserts Collective Action allegations and asks this Court to certify a "Collective" of similarly situated individuals for all person who worked as truck drivers, loaders and tree cutters at Forestry Management Service, LLC, within three years prior to the filing of this Complaint and who consent in writing to their inclusion in a collective action.

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the present action under Article III, §2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Middle District of Georgia under 28 U.S.C. §1391 because Forestry Management's principle place of business is in the Middle District of Georgia, Defendant Spiller's residence is located in the Middle District of Georgia and the events giving rise to the claims herein arise in the Middle District of Georgia.

**PLAINTIFF**

5.

Plaintiff Montford resides in Crawford County, Georgia which is within the Middle District or Georgia.

**DEFENDANTS**

6.

Defendant Forestry Management is a for profit corporation organized under the laws of the State of Georgia.

7.

At all times material hereto, Defendant Spiller owned and operated Forestry Management Service, LLC whose principle office is located at 2652 Walker Chapel Road, Roberta, GA, 31078.

8.

Forestry Management can be served with process by serving its registered agent, Julie Hodges, at 2652 Walker Chapel Road, Roberta, GA, 31078.

9.

Forestry Management is subject to the personal jurisdiction of this Court.

10.

At all times material hereto, Defendant Forestry Management has been an "employer" of Plaintiff Montford as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

Defendant Spiller is subject to personal jurisdiction of this Court and can be served with process at his residence 1150 Lowe Road, Roberta, GA, 31078.

12.

At all times material, Defendant Spiller has been an "employer" of Plaintiff Montford as defined in FLSA § 3(d), 29 U.S.C. §203(d).

**ENTERPRISE COVERAGE**

13.

At all times material, Forestry Management has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA §6(a), 29 U.S.C. § 206 (a) and "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. §203(s) (a) (A) (i). As defined by 29 U.S.C. §203(s)(1)(A)(i) because their employees use trucks and heavy equipment that have travelled in interstate commerce.

14.

In all relevant years, Forestry Management had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at

the retail level that are separately stated) within the meaning of 29 U.S.C. §203(s)(1)(A).

## OPERATIVE FACTS

15.

Plaintiff Montford was an "employee", as defined by FLSA §3(e)(1), 21USC §203(e)(1) of Defendant Forestry Management from November, 2015 through December, 2017 as a truck driver driving intrastate routes within the State of Georgia from the forest where trees are cut and loaded onto his truck to be delivered to the mills located in and around Barnesville, Georgia where the trees are transformed into other products..

16.

At all times material, Defendant Spiller exercised operational control and supervising authority over the work activities of Plaintiff Montford and Defendant Spiller scheduled Plaintiff's working hours and supervised scheduling as well as exercised authority and supervision over Plaintiff Montford's compensation.

17.

For the previous 2 years and 2 months, Plaintiff Montford was employed by Defendant Forestry Management and for the previous 3 years similarly situated truck drivers, loaders and tree cutters have worked more than forty (40) hours in the work week. The Defendants Forestry Management and Spiller paid Plaintiff

Montford straight time pay of $17.00 per hour but never paid Plaintiff Montford time and a half overtime pay for the hours worked in excess of forty 40 hours in the work week as required by the FLSA.

18.

Plaintiff Montford and other similarly situated truck drivers are not exempt under the Motor Carrier Exemption of the Fair Labors Standards Act as defined in 13(b)(1) because Plaintiff Montford and similarly situated truck drivers are not involved in interstate travel across state lines or connected to an interstate terminal to continuum an interstate journey of goods. Plaintiff Montford and similarly situated truck drivers are involved solely in intrastate trucking between the forest and mills located in and around Barnesville Georgia within the State of Georgia.

19.

Plaintiff and similarly situated truck drivers, loaders and tree cutters are not exempt from overtime pay by Forestry Management for forestry and lumbering operations because the Defendant Forestry Management regularly employs more than eight employees.

20.

Plaintiff and similarly situated truck drivers, loaders and tree cutters are not exempt under the agriculture exemption from overtime pay by Forestry

Management for forestry and lumbering operations because they are not engaged in agriculture as defined in 29 U.S.C. §213 (b)(12).

## CAUSE OF ACTION -WILLFUL FAILURE TO PAY OVERTIME

21.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

22.

At all times material Plaintiff Montford has been an "employee" covered by the FLSA and is entitled to overtime pay for all hours worked in excess of 40 hours at one and a half rate of his regular rate of pay.

23.

At all times relevant Plaintiff Montford and similarly situated truck drivers, loaders and tree cutters were not exempt from the overtime wage requirements of the FLSA by reason of any exemption.

24.

FLSA 29 USC § 207 (a) (1) provides: "Except as otherwise provided in this section, no employee shall employ any of his employees… for a work week longer that forty hours unless such employees receives compensation for employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which they are employed."

25.

Plaintiff and similarly situated truck drivers, loaders and tree cutters have been at all times relevant required to work without the overtime compensation required by 29 U.S.C. §207 (a)(1) for those hours worked in excess of forty (40) in the work week.

26.

As evidenced by Plaintiff Montford's own paycheck stubs, the Plaintiff alleges that Defendants Forestry Management and Brand Spiller have a policy, practice and scheme of paying truck drivers, loaders and tree cutters only straight time for all hours worked in a workweek, no matter if the truck drivers, loaders and tree cutters worked in excess of forty (40) hours in a workweek.

27.

From November, 2015 through, December 2017, Defendants failed to compensate Plaintiff Montford for overtime pay in accordance with the FLSA.

28.

Plaintiff and similarly situated truck drivers, loaders and tree cutters were paid a three dollars per hour premium for working on weekends, which is a weekend premium and does not qualify as overtime pay.

29.

Defendants' pattern and practice of violating 29 U.S.C. §207 is unlawful under 29 U.S.C §215 (a)(2) which provides: "It shall be unlawful for any person- (2) to violate any of the provisions of …section 207 of this title, or any of the provisions of any regulation or order of the Secretary issued under section 214 of this title."

30.

Defendants Forestry Management and Spiller violations of the overtime provisions of the FLSA are willful and intentional.

**COLLECTIVE ACTION**

31.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

32.

At all times during the three years prior to the filing of this Complaint, Defendants have violated 29 U.S.C. § 207 by failing to pay overtime wages to all persons who worked as truck drivers, loaders and tree cutters at Forestry Management.

33.

All truck drivers, loaders and tree cutters who worked more than forty hour per week without the payment for overtime at Forestry Management within the three years prior to the filing of this action are "similarly situated" within the meaning of FLSA § 16 (b), 29 U.S.C. § 216(b).

34.

Defendants Forestry Management and Spiller are liable pursuant to 29 U.S.C. § 201 *et seq.*, to all individuals similarly situated to Plaintiff Montford for unpaid overtime wages, interest, attorney's fees and costs of litigation, and other such equitable and legal relief that this Court finds proper.

35.

The proposed Collective of individuals similarly situated to Plaintiff Montford should be defined as "All individuals who have worked as truck drivers, loaders and tree cutters at Forestry Managment for the previous three (3) years through the present." (Hereinafter referred to as the "Collective").

36.

All such individuals similarly situated to Plaintiff Montford would benefit from the issuance of a Court supervised Notice of Present Lawsuit and opportunity

to consent in writing to their inclusion as plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b).

37.

All such individuals similarly situated to Plaintiff Montford are known to Defendants, are readily identifiable, and can be located through the records of Defendants.

38.

Pursuant to 29 USC §216(b), Plaintiff brings this action on his behalf and on behalf of all other truck drivers, loaders and tree cutters similarly situated who have not been paid overtime in accordance with the FLSA..

39.

Under the Fair Labor Standards Act, an employee may bring a Collective Action in an individual capacity in behalf of other employees "similarly situated" based on an employer's failure to pay overtime wages. 29 U.S.C §216(b). To maintain a Collective Action under FLSA, a plaintiff need show only that the putative Collective Action members are "similarly situated"

40.

Plaintiff seeks to represent all current and former truck drivers, loaders and tree cutters employed by Defendants within the time period commencing three

years preceding the filing of this Complaint, through and until the date this lawsuit is finally determined and concluded.

41.

There is similarity among all truck drivers, loaders and tree cutters who have not been paid overtime and are similar with respect to duties, job descriptions, job requirements, training, day-to-day operations, tools and methods performance reviews, merchandising and pricing policies compensation and benefits and overall commonality of job of harvesting trees for conversion at mills.

42.

The Plaintiff and the Collective also were or are similarly situated in that they were or are subject to the same or similar unlawful practices, policies or plans and their claims in this action are based upon the failure of Defendants to pay overtime in accordance with the requirements of the FLSA.

43.

The number of individuals in the proposed Collective is so numerous that conventional joinder of all members is impractical. Plaintiff estimates that the Collective, including both current and former truck drivers, over the relevant period, will include more than seventeen members. The precise number of putative members should be readily available from a review of the Defendants' personnel,

scheduling, time and payroll records, and from information receive from putative members as part of the "opt-in" process set forth in 28 USC §216(b).

44.

The status of all individuals similarly situated to Plaintiff Montford raises an identical legal question: whether Defendant collectively misclassified these employee truck drivers, loaders and tree cutters as exempt from overtime requirements of the FLSA and are entitled to overtime payments in accordance with the FLSA.

45.

Plaintiff and the Collective share the same interest in resolving these factual and legal questions as every other similarly situated Collective member, and each Collective member's entitlement to overtime pay in this suit will hinge on the common resolution of the same misclassified question involving common questions of law and fact.

46.

Given the material similarity of the putative members' claims, even if each member could afford to litigate a separate claim, this Court should not countenance or require the filing of more than seventeen identical actions. Individual litigating of the legal and factual issues raised by Defendants' conduct would cause

unavoidable delay, significant duplication of efforts, and an extreme waste of resources. Alternatively, proceeding by way of a Collective Action would permit the efficient supervision of the putative members' claims, create significant economies of scale for the Court and the parties, and result in a binding, uniform adjudication on all issues.

47.

This Collective Action can be efficiently and effectively managed by sending the same FLSA opt-in-Notice to all similarly situated truck drivers employed by the Defendants.

48.

Accordingly, Plaintiffs respectfully ask this Court to certify this action as a Collective Action under 29 U.S.C. § 216(b).

49.

The representative Plaintiff proposes that notice of these proceedings be given to those similarly situated truck drivers and who have been aggrieved by Defendant's unlawful conduct and be permitted to join this action as Plaintiffs pursuant to 20 U.S.C. §216 (b) by filing written consents to joinder with the Court.

50.

Plaintiff seeks judgement against Defendant on his own behalf and on behalf of those similarly situated truck drivers, loaders and tree cutters who file written

consent to joinder in this action, for all unpaid overtime wages owed by Defendants to the Plaintiff and those similarly situated, pursuant to 29 U.S.C. §207, together with an award of an additional equal amount as liquidated damages, as well as costs, interest and reasonable attorneys' fees as provided for under 29 U.S.C. §216 (b).

## LIQUIDATED DAMAGES

51.

Plaintiff Montford and the Collective are entitled to liquidated damages in addition to the damages set forth in the preceding paragraphs, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b), because Defendants Forestry Management and Spiller have willfully and repeatedly violated the FLSA in not paying overtime pay.

## INJUNCTIVE RELIEF

52.

Plaintiff Montford and the Collective seek injunctive relief for the Court to preliminarily and permanently enjoin the Defendants from continued and repeat violations of its legal obligations and duties under the FLSA pursuant to 29 USC §217.

## COSTS AND ATTORNEYS FEES

53.

Defendants Forestry Management and Spiller are indebted to Plaintiff Montford and the Collective for the costs of litigation, including his reasonable attorney's fees, in accordance with FLSA § 16 (b), 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Montford on behalf of himself and on behalf of those similarly situated truck drivers, loaders and tree cutters prays judgement in their favor and for the following relief against Defendants Forestry Management and Spiller:

(1) That Plaintiff Montford be awarded compensatory damages against the Defendants Forestry Management and Spiller, jointly and severally, in an amount to be determined at trial an amount for unpaid overtime from November, 2015 through December, 2017 due under the FLSA, plus an additional like amount in liquidated damages;

(2) That the Court issue a Notice of Present Lawsuit to all individuals similarly situated truck drivers, loaders and tree cutters to Plaintiff Montford, allowing all such similarly

situated truck drivers, loaders and tree cutters to file their written consent to join this action as plaintiffs:

(3) That the Court award all such individuals who "opt in" to this lawsuit their unpaid overtime wages, liquidated damages, and costs of litigation jointly and severally from Defendants; and

(4) That the Court adjudge and declare that this action is an appropriate Collective Action pursuant to 29 U.S.C. §216, certify the proposed Collective and otherwise certify this action;

(5) That the Court order the Defendants to disclose their 2015, 2016 and 2017 income tax returns, their complete payroll records showing hours worked and compensation paid for strait time and overtime in computer format, or in print if no computer readable format is available, as well as the names and address of all those individuals who are similarly situated to Plaintiff, including current and former truck drivers, loaders and tree cutters employed by Defendant at any time commencing three years preceding the filing of this initial Complaint, through and until the date this lawsuit is

finally determined and concluded, and permit Plaintiff to send Notice of this action to all those similarly situated individuals, including publishing Notice in a manner that is reasonably calculated to apprise the potential Collective members of their rights under this litigation.

(6) That the Court adjudge and declare that Defendant violated the overtime pay provisions of the FLSA as to Plaintiff and the Collective;

(7) That the Court adjudge and declare that Plaintiffs and the proposed Collective were at all relevant times entitled to be paid overtime for all hours worked in excess of forty (40) hours in a workweek, and that these amounts to which Plaintiff and the Collective are entitled shall be doubled as liquidated damages and that Defendants jointly and severally shall pay those damages;

(8) That Defendants be preliminary and permanently enjoined from violating its legal obligations and duties under FLSA;

(9) That the Court make an award to Plaintiff and the Collective for amount of unpaid overtime compensation, including

interest theron, and penalties in an amount to be proved at trial;

(10) That the Court award Plaintiff and the Collective interest on the amount of any and all economic losses at the prevailing legal rate;

(11) That the Court award Plaintiff and the Collective their attorneys' fees pursuant to 29 U.S.C. §216(b);

(12) That the Court award Plaintiff and the Collective all costs of suit, and any and all such other relief as the Court may deem appropriate and proper; and

(13) That Plaintiff demands the claims herein be tried by jury

*S/ McNeill Stokes*
McNeill Stokes
Georgia Bar Number: 683600
Attorney for Plaintiff

1075 Heathcliff Lane
Marietta, Georgia 30067
Telephone 404-352-2144
Email: mcstokes@bellsouth.net