IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JOHN MACK MONTFORD, *on behalf of himself and others similarly situated who consent to their inclusion in a collective action*,<br><br>Plaintiffs,<br><br>v.<br><br>FORESTRY MANAGEMENT SERVICE, LLC and BRANDAN SPILLERS,<br><br>Defendants. | CIVIL ACTION NO. 5:18-CV-19 (MTT) |

## ORDER

This is a putative class action asserting claims for overtime violations under the Fair Labor Standards Act ("FLSA"). On March 23, 2018, the Court issued its Scheduling Order, setting September 24, 2018 as the deadline for discovery. Doc. 13. On July 11, 2018, the Plaintiffs moved for partial summary judgment "as to liability for overtime for themselves as well as all similarly situated employees and ex-employees of Forestry Management Services Inc. and Brandan Spillers."[1] Doc. 33-1 at 1-2. In response, the Defendants point out that the Court recently granted conditional certification of the FLSA collective action, potential opt-in plaintiffs have not yet been added to the case, and discovery is ongoing. Doc. 39 at 2. The Defendants also note that "[d]epositions have not yet begun, and the facts (uncontested and otherwise) have yet to be developed." *Id.*

---

[1] The Plaintiffs also seek injunctive relief that requires the Defendants to (1) cease withholding back pay from employees due overtime compensation and (2) refrain from violating the Fair Labor Standards Act in the future. Doc. 33-1 at 2. Additionally, the Plaintiffs seek liquidated damages equal to the amount of back wages and attorney's fees. *Id.* As discussed below, consideration of these requests is premature at this stage.

Thus, the Defendants contend that the Plaintiffs' motion for partial summary judgment is premature at this stage. The Court agrees.

A party opposing summary judgment "should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997) (citations omitted). As acknowledged by the Plaintiffs in the parties' joint supplemental discovery status report, which was filed on August 24, 2018, the parties have not yet conducted depositions and expect to seek an extension of the discovery deadline to allow additional Plaintiffs sufficient time to opt in and appropriate written and deposition discovery to take place. Doc. 41-1 at 2. In fact, on September 21, 2018, the parties filed a joint motion seeking to extend the discovery period "for 60 days after the end of the opt-in period." Doc. 46 at 1. The Court hereby **GRANTS** that motion (Doc. 46).[2]

Clearly, at this stage, the Defendants have not had an adequate opportunity to develop the facts necessary to oppose the Plaintiffs' motion for partial summary judgment. Accordingly, the Plaintiffs' motion (Doc. 33) is **DENIED as premature**.[3] The Plaintiffs may move for summary judgment after the discovery period ends and after the additional Plaintiffs have opted in.

---

[2] The Court also **APPROVES** the parties' joint proposed notice (Doc. 41), which was filed in response to the Court's August 3, 2018 order granting the conditional class certification. Doc. 38 at 9.

[3] The Plaintiffs have also filed a motion for sanctions, arguing that the Defendants "are intentionally flaunting the FLSA by not paying overtime to its employees and the Defendants' counsel are simply playing games using delaying tactics and filing pleadings contending that their drivers are exempt when there is no factual basis to support that they are exempt." Doc. 43 at 1-2. However, the Defendants' counsel believe they "have a good faith basis to assert that the drivers (and workers loading the truck) are exempt from overtime." Doc. 45 at 2. At this point, the Court has no reason to believe that the Defendants' counsel are acting in bad faith in asserting that the Defendants are exempt from paying overtime under the FLSA. And certainly, the Defendants may pursue that defense through discovery, which, again, has not been complete. Accordingly, the Plaintiffs' motion for sanctions (Doc. 43) is **DENIED**.

**SO ORDERED**, this 21st day of September, 2018.

<div style="margin-left: 3em;">

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL
UNITED STATES DISTRICT COURT

</div>